UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MOISES COLON,

                         Plaintiff,

                                                                                <u>DECISION AND ORDER</u>

                                                                                 07-CV-6490L

                        v.

CORRECTION SERGEANT ZYDELL,
et al.,

                        Defendants.
_____

Plaintiff, Moises Colon, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued a number of DOCS employees, alleging that defendants have violated plaintiff's right to practice his religion under the First Amendment to the United States Constitution.

Defendants have moved, in two separate motions, to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Defendants seek dismissal of all of plaintiff's claims, except for his claims against defendants Kenneth Zydell and Robert Kirkpatrick in their individual capacities. For the reasons that follow, defendants' motions are granted.

---

[1]Several defendants moved to dismiss on March 18, 2009. On March 24, 2009, the Court issued an Order (Dkt. #15) directing that certain named defendants be substituted for what had been "John Doe" and "Jane Doe" defendants. Those named defendants then filed their own motion to dismiss.

## DISCUSSION

**I. Lack of Personal Involvement**

Twelve of the fourteen defendants have moved to dismiss plaintiff's claims against them for lack of personal involvement on their part.[2] It is well established that a defendant's personal involvement in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Soto v. LaBuzzetta*, 584 F.Supp.2d 599, 603 (W.D.N.Y. 2008). That requirement may be satisfied by alleging facts showing that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberated indifference to others' rights by failing to act on information indicated that constitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Abdur-Raheem v. Selsky*, 598 F.Supp.2d 367, 370 (W.D.N.Y. 2009).

I agree with defendants that plaintiff has not sufficiently alleged the personal involvement of any defendants other than Zydell and Kirkpatrick to state a § 1983 claim against the defendants. The relevant events took place at Wende Correctional Facility in 2007. Plaintiff alleges that Zydell directly ordered him, pursuant to certain DOCS policies, not to publicly display certain beads that

---

[2]A fifteenth defendant, Jennifer Jones, has never appeared in this action.

plaintiff was wearing for religious reasons. Amended Complaint ¶¶ 14-17. Wende Superintendent Kirkpatrick is alleged to have denied plaintiff's grievance over that matter. Amended Complaint ¶¶ 18, 25.

Without expressing any opinion as to whether those allegations suffice to state a claim against either Zydell or Kirkpatrick, I find that those, and plaintiff's other, allegations fail to state a claim against the remaining defendants. Plaintiff's allegations concerning the other defendants can most generously be described as sparse, and they fail to show that any of those defendants had any but the most tangential connection with the underlying events.

Plaintiff alleges, in conclusory fashion, that the defendants generally failed to remedy the alleged constitutional deprivation, but his factual allegations do not support an assertion of their involvement in that deprivation sufficient to establish a basis for their individual liability under § 1983.

Particularly following the Supreme Court's admonition in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), that a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," 550 U.S., at 555, plaintiff cannot premise a claim against these defendants simply by naming them or alleging that they had some tenuous connection with the underlying facts. *See Maldonado v. Fontanes*, 568 F.3d 263, 273-74 and n.6 (1st Cir. 2009) (rejecting "naked assertions devoid of further factual enhancement" of mayor's personal involvement in alleged constitutional deprivations) (quoting *Twombly*, 550 U.S. at 557); *Abdur-Raheem v. Selsky*, 598 F.Supp.2d 367, 370 (W.D.N.Y. 2009) (allegation that DOCS defendant affirmed disposition of plaintiff's administrative segregation hearing, pursuant to which plaintiff was

plaintiff was wearing for religious reasons. Amended Complaint ¶¶ 14-17. Wende Superintendent Kirkpatrick is alleged to have denied plaintiff's grievance over that matter. Amended Complaint ¶¶ 18, 25.

Without expressing any opinion as to whether those allegations suffice to state a claim against either Zydell or Kirkpatrick, I find that those, and plaintiff's other, allegations fail to state a claim against the remaining defendants. Plaintiff's allegations concerning the other defendants can most generously be described as sparse, and they fail to show that any of those defendants had any but the most tangential connection with the underlying events.

Plaintiff alleges, in conclusory fashion, that the defendants generally failed to remedy the alleged constitutional deprivation, but his factual allegations do not support an assertion of their involvement in that deprivation sufficient to establish a basis for their individual liability under § 1983.

Particularly following the Supreme Court's admonition in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), that a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," 550 U.S., at 555, plaintiff cannot premise a claim against these defendants simply by naming them or alleging that they had some tenuous connection with the underlying facts. *See Maldonado v. Fontanes*, 568 F.3d 263, 273-74 and n.6 (1st Cir. 2009) (rejecting "naked assertions devoid of further factual enhancement" of mayor's personal involvement in alleged constitutional deprivations) (quoting *Twombly*, 550 U.S. at 557); *Abdur-Raheem v. Selsky*, 598 F.Supp.2d 367, 370 (W.D.N.Y. 2009) (allegation that DOCS defendant affirmed disposition of plaintiff's administrative segregation hearing, pursuant to which plaintiff was

confined to special housing unit, was not enough to establish defendant's personal involvement); *Charles v. New York State DOCS*, No. 9:07-CV-1274, 2009 WL 890548, at *6 (N.D.N.Y. Mar. 31, 2009) ("simply affirming the denial of a grievance is generally insufficient to confer personal responsibility on a defendant"); *Oladokun v. Ryan*, No. 06 CIV. 2330, 2009 WL 857460, at *4 (S.D.N.Y. Mar. 31, 2009) ("to survive a motion to dismiss a Section 1983 claim against an individual defendant, a plaintiff must set forth specific factual allegations of personal involvement by defendant in a constitutional violation"); *Middlebrook v. Tennessee*, No. 07-2373, 2008 WL 2002521, at *4 (W.D.Tenn. May 6, 2008) ("Middlebrook's bald assertion that [commissioner of state department of correction] was 'personally involved' in the unconstitutional conduct, without any factual allegations to support this claim, does not suffice under Rule 12(b)(6)") (citing *Twombly*).

## II. Official-Capacity Claims

Defendants also move to dismiss all of plaintiff's claims against all the defendants in their official capacities. To the extent that plaintiff seeks to recover damages, defendants' motion is granted.

Claims for damages against state employees in their official capacities are deemed claims against the state itself, and are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Dube v. State Univ. of New York*, 900 F.2d 587, 594-95 (2d Cir. 1990), *cert. denied*, 501 U.S. 1211 (1991); *Brown v. New York State DOCS*, 583 F.Supp.2d 404, 411 (W.D.N.Y.

2008).  To the extent that plaintiff seeks money damages, then, all of plaintiff's official-capacity claims are dismissed.[3]

**CONCLUSION**

Defendants' motions to dismiss the complaint (Dkt. #11, #20) are granted.  All of plaintiff's claims against defendants Fisher, Monihan, Eagen, Bellaney, Snyder, Sidoni, Green, Woodruff, Barringo, Loesch, Lester, and Ghatt are dismissed.  Plaintiff's claims for damages against all the defendants in their official capacities are also dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 22, 2009.

---

[3] In his response to defendants' motions, plaintiff seems to confuse Eleventh Amendment (sovereign) immunity, which bars claims for damages against state officials in their official capacities, with qualified, good-faith immunity, which under some circumstances protects state officers from personal liability for damages.  The Court has not been presented with, and does not decide, any issues relating to the qualified immunity of defendants Zydell and Kirkpatrick.  The Court also need not address at this point plaintiff's claims for prospective injunctive relief against those remaining defendants.  *See Abdur-Raheem*, 598 F.Supp.2d at 369.